## SUPREME COURT.

CALVIN P. SMITH agt. WILLIAM MAY AND LEWIS SPENCER.

In an action of *tort* to recover damages brought in a justice's court, and judgment for a certain sum is rendered for the plaintiff, and the defendant appeals to the county court specifying in his notice of appeal certain objections to the recovery of the judgment, but no offer to reduce the amount is served by the plaintiff, and on a trial in the county court the plaintiff recovers a larger amount than before the justice, but not sufficient to *equal the amount of interest* on the first judgment, from the time of its recovery, the plaintiff, nevertheless, recovers a *more favorable judgment, and is entitled to costs*.

*Interest* not being a necessary and legal incident to a claim of *tort*, the comparison of the two judgments should not be affected by it.

Smith agt. May.

*Broome General Term. Argued July,* 1866. *Decided November,* 1866.

*Before* PARKER, MASON, BALCOM *and* BOARDMAN, *Justices.*

APPEAL by defendants from an order of the Otsego county court, awarding costs to the plaintiff in that court.

The plaintiff in an action to recover damages for the wrongful taking of certain personal property, obtained a judgment in a justice's court for $149.75, June 20, 1864. The defendant appealed to the Otsego county court, stating in his notice of appeal errors in receiving and in rejecting evidence; that judgment was not warranted by evidence; that judgment is for $100 too much; that judgment is $75 too much, and for $50 too much at least, and that the damages were too large and excessive. No offer was made to reduce judgment. The action was again tried in the county court August 9, 1865, and resulted in a verdict for plaintiff of $152.46.

The defendant (appellant) procured his costs to be adjusted by the county clerk, and judgment to be entered in favor of plaintiff for said $152.46, and in favor of defendants for their costs $100.47, adjusted as aforesaid, and offsetting such costs against plaintiff's damages, and adjudging that plaintiff recover of defendants only the balance of $57.99.

The plaintiff appealed to the Otsego county court, by which such judgment was set aside, and the clerk was ordered to adjust plaintiff's costs on appeal, and insert them with his damages in judgment.

The defendants thereupon appealed to this court.

DEWITT C. BATES, *for plaintiff.*
JAMES E. DEWEY, *for defendants.*

*By the court,* BOARDMAN, J. The cases of *Loomis* agt. *Higbee* (29 *How.* 232), and *Reed* agt. *Moore* (31 *How.* 264), decided in this district, settle the construction and effect of the notice of appeal in this action upon the question of costs. There has been a great conflict of opinions upon these ques-

tions, but it is *res adjudicata* in this district, and must so remain until some higher authority changes the rule.

But independent of that question, the plaintiff should recover costs of this appeal. The judgment was more favorable to him, being the respondent, than the judgment in the justice's court. The action was tort, and the damages are not increased or diminished by the allowance of interest as a matter of law. The jury may or may not allow interest. It is discretionary with them. When allowed, it is not because the law gives interest as a matter of right, but simply as a mode of reaching a correct conclusion. Any other mode would be equally correct.

Interest then not being a necessary and legal incident to a claim of tort, the comparison of the two judgments should not be affected by its allowance.

I think the order appealed from should be affirmed.

BALCOM, J. This action was originally brought before a justice of the peace, for defendants wrongfully taking from plaintiff's possession, and carrying away and converting to their own use, certain personal property that belonged to the plaintiff. The plaintiff recovered a judgment against the defendants before the justice for $149.75 damages, besides costs. The defendants appealed from the judgment to the Otsego county court. The jury in the latter court rendered a verdict in favor of the plaintiff for $152.46 damages, for which the clerk of Otsego county entered a judgment against the defendants; but he also entered a judgment in their favor for costs against the plaintiff. The county court made an order setting aside the judgment for costs in favor of the defendants, and directed the clerk of that court to adjust the plaintiff's costs, and enter judgment in his favor for such costs. The defendants have appealed from that order of the county court to this court.

The appellants' counsel claims that the verdict of the county court was more favorable to the defendants than the judgment of the justice, because interest on that judgment from the time it was rendered, to the day the verdict in the

county court was received, if added to the judgment, would make it larger than the verdict.

The order of the county court, awarding costs to the plaintiffs, was made the 20th day of January, 1866, and the question in the case must be decided by this court by the Code as it then existed.

The judgment for damages in the county court was $2.71 more in favor of the plaintiff than the judgment in his favor before the justice. Hence the judgment of the county court was more favorable to the respondent and less favorable to the appellants than the judgment of the justice (*Code*, § 371).

The language of the Code, at the time the county court made the order appealed from, was, if the judgment in the appellate court be more favorable to the appellant than "the judgment" in the court below, the appellant shall recover costs; otherwise the respondents shall be entitled to costs (*Code*, § 371).

There is no provision in the Code that authorizes the county court to cast interest on the judgment of the justice and add it to such judgment, and then compare the amount with the verdict in the county court, for the purpose of determining whether the verdict be more favorable to the appellant than such judgment.

The county court can only compare the judgment of the justice, as rendered, with the recovery in the county court, in determining which party to the action should recover costs.

This court decided this very question at a general term in 1864, in *Whitney* agt. *Wells*. In that case the plaintiff recovered a judgment for the conversion of wood, for $50 damages, before a justice of the peace. The defendant appealed from the judgment to the Cortland county court, where the jury rendered a verdict against him for $50 damages. The defendant contended in the county court that he was entitled to costs, because by adding interest to the judgment of the justice, it would make it greater than the plaintiff's recovery in the county court. But the county court awarded costs to the plaintiff, and the defendant appealed to this

court from the order allowing the former to recover costs. And·this court affirmed the order of the county court.

I am unable to see any reason for overruling our decision in *Whitney* agt. *Wells.*

My conclusion is, that the order of the county court in this case, awarding costs to the plaintiff was correct, and that it should be affirmed, with costs.

PARKER and MASON, JJ., concurred.